UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-cr-00384-EWN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES M. REED,

        Defendant,

and

FIRST PACIFIC CORPORATION,

        Garnishee.

## GARNISHEE ORDER

A Writ of Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer on September 15, 2008, stating that at the time of the service of the Writ he had in his possession or under his control personal property belonging to and due Defendant, and that garnishee was indebted to Defendant in the form of wages paid to the debtor.

On September 9, 2008, Defendant was notified of his right to a hearing and filed a request for a hearing on September 12, 2008. The Court held the hearing on September 29, 2008. Reed appeared at the hearing along with his attorney, Brent Garfield. Pursuant to 28 U.S.C. § 3202(d), the Court's inquiry at the hearing was limited to determining 1) whether Reed's wages are exempt, 2) whether the United States

complied with the statutory requirements for garnishment, and 3) the validity of the debt.

The evidence before the Court shows that Defendant has substantial non-exempt wages from First Pacific Corporation. Under 18 U.S.C. § 3613(a), the only exemptions that apply in the enforcement of criminal judgments are certain identified exemptions under the Internal Revenue Code and exemptions under the Consumer Credit Protection Act. The Consumer Credit Protection Act provides at 15 U.S.C. § 1673(a) that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage...." "Disposable earnings" are gross earnings less deductions required by law (e.g., payroll tax deductions). See 15 U.S.C. § 1672(b).

Currently, the Federal minimum hourly wage is $6.55 per hour. 29 U.S.C. § 206(a)(1). Accordingly, the CCPA limits garnishments to the lower of 25% of the debtor's disposable earnings, or the amount by which the debtor's earnings exceed $196.50 per week.

According to the answer filed by First Pacific, Reed's semi-monthly disposable earnings are $2,501.14. Accordingly, his weekly disposable earnings are $1,250.57 and his non-exempt earnings are currently $312.64 per week (25% of his weekly disposable earnings). These non-exempt earnings are subject to garnishment.

The evidence further shows that the United States has complied with all of the statutory requirements for garnishment set forth in 28 U.S.C. §§ 3202 and 3205. Specifically, the United States applied for and obtained the writ in proper form (28

U.S.C. § 3205(c)(2); Doc. 28, 29); the Clerk issued a Clerk's Notice in proper form (28 U.S.C. § 3202; Doc. 30); the United States served the writ and Clerk's Notice on Reed, as evidenced by his motion for a hearing (Doc. 31); the garnishee filed its answer (28 U.S.C. § 3205(c)(4); Doc. 33); and Reed has received the hearing he requested.

Finally, there is no doubt that this debt is valid. The debt arises from a final judgment of this Court, following a guilty plea. Doc. 27. It was not a default judgment.

Contrary to Reed's assertions, his criminal restitution debt was not discharged in bankruptcy. Under 18 U.S.C. § 3613(e), federal criminal restitution debts are non-dischargeable in bankruptcy. See also 11 U.S.C. § 523(a)(13) (restitution is automatically a nondischargeable debt) and 11 U.S.C. § 523(c)(1) (criminal restitution is not among the debts for which a creditor must file an adversary action to establish non-dischargeability).

Further, contrary to Reed's assertions, the victim of his crime could not "release" him from his obligation to pay the full amount of the restitution awarded as part of his criminal sentence. Under 18 U.S.C. § 3664(f) and (k), only the Court can reduce a defendant's restitution obligation. The docket records for this case indicate that the Court has never entered any order to that effect.

**IT IS THEREFORE ORDERED** that Garnishee pay each pay period 25% of defendant's disposable wages to Plaintiff and continue said payments until the debt to the Plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the debtor or until further order of this Court.

DONE AT DENVER, COLORADO, this 29⁷ᵗʰ day of September, 2008.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE